UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID VOYLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-3090** |
| **JACK STRAIN, JR.** | **SECTION "B" (1)** |

## ORDER AND REASONS

Plaintiff, David Voyles, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Sheriff Jack Strain, Jr. In this lawsuit, plaintiff claims that, while he was incarcerated at the St. Tammany Parish Jail, he received inadequate medical care and was forced to sleep on the floor for ten days.[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[2]

Sheriff Strain has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[3] Plaintiff has opposed that motion.[4]

---

[1] Plaintiff was eventually extradited from St. Tammany Parish to Missouri, where he currently remains incarcerated.

[2] Rec. Doc. 14.

[3] Rec. Doc. 15.

[4] Rec. Doc. 18.

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment. Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). "The party opposing summary judgment is required to identify specific evidence in the record and to

articulate the precise manner in which the evidence supports his or her claim." Id. Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

Sheriff Strain contends that plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies. Plaintiff does not address the exhaustion issue in his opposition to defendant's motion.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison

3

grievance procedures were laid to rest in <u>Booth</u>." <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. <u>See</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir. 1998). Plaintiff filed this lawsuit *in forma pauperis*.[5]

In support of his motion, Sheriff Strain submitted the affidavit of Deputy Warden Greg Longino. In that affidavit, Longino summarized the St. Tammany Parish Jail's administrative remedy procedure:

> 6. The St. Tammany Parish Jail has an administrative grievance process called the Administrative Remedy Procedure (ARP) in place and this procedure was in place and available to all inmates incarcerated at the St. Tammany Parish Jail while plaintiff David Voyles was incarcerated at the St. Tammany Parish Jail.
>
> 7. All inmates are entitled to use the jail's administrative remedy procedure, including Department of Corrections inmates, parish jail inmates, and pre-trial detainees.
>
> 8. A summary of the jail's administrative remedy procedure may be found in the St. Tammany Parish Jail Inmate Handbook that is given to every inmate who is booked into the St. Tammany Parish Jail. I have certified and attached a true copy of the summary of the administrative remedy procedure as it appears in inmate handbook. A copy of the complete administrative remedy procedure may also be found in the jail law library wherein access to the procedure is available to all inmates.
>
> 9. To initiate the grievance process, an inmate must fill out the inmate grievance form, which is made easily accessible to all inmates in the jail. In lieu of the

---

[5] Rec. Docs. 2 and 3.

        form, an inmate may submit a written communication containing the words "This is a grievance though the ARP."

10. Under the grievance procedure available at the time of the alleged incident, a grievance must be filed within ninety (90) days from the date the incident giving rise to the grievance occurred. Any grievance filed more than ninety (90) days after the incident is rejected as untimely.

11. As the Deputy Warden/Inmate Affairs Director, I am the First Level Respondent in the grievance process. As the First Level Respondent, I must respond to the inmate's grievance within fifteen (15) days from the date the request is referred to me. This step is designated as the First Step Review.

12. If an inmate is not satisfied with the results of the First Step Review, the inmate may appeal to the Warden within five (5) days of the inmate's receipt of the response by the First Level Respondent. This step is designated the Second Step Review. The Warden has twenty-five (25) working days to reply to the appeal.

13. If an inmate does not like the results of the Second Step Review, the inmate may appeal to the Sheriff within five (5) days of the inmate's receipt of the reply. The Sheriff has forty (40) working days to reply to the appeal.

14. If the inmate is not satisfied with the results of this final level of review of the jail's administrative grievance process, he may then file suit.

15. The inmate, Warden, or Sheriff may request a five (5) working day extension of time in responding to the grievance.

16. If an inmate does not receive a response to a grievance or appeal within the time allowed by the First Level Respondent, Warden or the Sheriff, an inmate would still be required to follow through to the next step of the grievance process.

....

21. In the case of an inmate complaint about medical care, inmate complaints and grievances are forwarded directly to the jail medical staff.

22. Neither the Sheriff, the Warden, I, nor any of other Sheriff's deputy [sic] have the authority to make medical decisions. Medical decisions are made by personnel in the jail's medical department.

>	23.	The medical department has the responsibility of acting upon and responding to the inmate's grievance regarding medical care.[6]

In further support of the motion, Sheriff Strain also submitted an affidavit from Dr. Richard Inglese, the Medical Director of the St. Tammany Parish Sheriff's Office. In pertinent part, Dr. Inglese states:

>	7.	Any complaint or grievance submitted by an inmate concerning medical treatment is referred directly to the medical department and a member of the jail medical staff promptly responds to the complaint or grievance.
>
>	8.	If an inmate is not satisfied with the response, the inmate may appeal the response to me and if he is still not satisfied with my response, he may then appeal to the Sheriff.[7]

In the instant case, the parties disagree as to whether plaintiff ever filed an administrative grievance with respect to the claims asserted in this lawsuit. Plaintiff contends that he submitted a grievance which went unaswered.[8] However, both Deputy Warden Longino and Dr. Inglese state in their affidavits that no such grievance was ever received from plaintiff. In his sworn statement, Longino states: "Plaintiff David Voyles did not file any complaints or grievances concerning his stay at the St. Tammany Parish Jail at any time before or after filing this lawsuit."[9] Similarly, in Dr. Inglese's sworn statement, he states: "Inmate David Voyles never submitted a complaint or grievance concerning the medical care he was receiving at the St. Tammany Parish Jail."[10]

---

[6]  Rec. Doc. 15, Exhibit E, pp. 2-4.

[7]  Rec. Doc. 15, Exhibit C, p. 2.

[8]  Rec. Doc. 1, p. 4.

[9]  Rec. Doc. 15, Exhibit D, p. 2, ¶ 4.

[10]  Rec. Doc. 15, Exhibit C, p. 2, ¶ 9.

In light of the foregoing, it is evident that a disputed factual issue exists as to whether plaintiff filed an administrative grievance. However, resolution of that factual issue is unnecessary in this case. Even if such a grievance was submitted but never received, or if it was received and simply ignored, it is *undisputed* that a first-step response to the grievance was never issued. It is further *undisputed* that when plaintiff failed to receive such a response, he proceeded directly to federal court rather than to the second and third steps of the grievance procedure.[11] It is that fact which is determinative in this case.

As noted above, the St. Tammany Parish Jail's administrative remedy procedure provides that an inmate must proceed to the next step of the grievance process when he fails to receive a timely response to the grievance or appeal. In fact, the grievance form itself expressly notifies inmates that "[i]f you do not hear from the 'First Level Respondent' within twenty days you may file a request for a Warden's Review within the following 5 days."[12] Plaintiff, however, simply

---

[11] See, e.g., Rec. Doc. 15, Exhibit E, Affidavit of Deputy Warden Longino, p. 4, ¶ 20 ("[I]nmate David Voyles did not appeal any alleged lack of response to any alleged grievance (which is not in his jail file) to the Warden or the Sheriff.").

[12] Rec. Doc. 15, Exhibit W, sample Inmate Grievance form. The fact that the notice used the word "may" rather than "shall" is of no moment. Even if plaintiff was under the impression that seeking further review was *optional* and that inmates were not *required* to request such review if their grievances went unanswered, that would not excuse the federal exhaustion requirement. See Valentine v. Newton, No. 9:00-CV-1369LEKGLS, 2002 WL 31309181, at *3 (N.D.N.Y. Aug. 15, 2002) (Sharpe, M.J.) (adopted by Kahn, J., on Sept. 11, 2002). The PLRA requires exhaustion of all "available" administrative remedies. Plaintiff was clearly aware that further administrative review was available, and he knowingly chose not to pursue it prior to filing this federal complaint.

Further, the Court is aware that the United States Fifth Circuit Court of Appeals has held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired." Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998); see also Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004). However, those cases, as well as the other cases the undersigned has found in this federal Circuit which invoke the rule that the failure to answer a grievance constitutes a constructive denial of the grievance, involve the

abandoned the administrative remedy procedure when he failed to receive a first-step response to his grievance.

The United States Fifth Circuit Court of Appeals has noted: "'Exhaust' is defined as 'to take complete advantage of (legal remedies).'" Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998) (quoting Webster's New Int'l Dictionary 796 (3rd ed. 1981)).  Therefore, the general rule is that a plaintiff's administrative remedies are not exhausted unless he has pursued the grievance remedy through conclusion of a multi-step administrative remedy procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Simply initiating the procedure by filing a first-step grievance, which, *at most*, is all plaintiff did in the instant case, is insufficient.

Further, not only is complete exhaustion required by the letter of the law, but to allow an inmate such as plaintiff simply to abandon the administrative procedure in the midst of the process and proceed directly to federal court would be contrary to the law's clear intent. The United States Supreme Court has noted:

> Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." ...
>   Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections

---

failure of prison authorities to issue a timely response at the *final* step of the grievance procedure. Such a rule makes sense in that context, where federal court is the only remaining remedy available to a prisoner faced with a constructive denial at the final step of the administrative procedure. However, where, as here, a timely response is not forthcoming at a *preliminary* step of the procedure, the constructive denial allows the prisoner to proceed only to the next step of the administrative procedure, not directly to federal court. Amir-Sharif v. Gonzalez, No. 3:06-CV-2269-G, 2007 WL 1411427, at *2 (N.D. Tex. May 14, 2007); Walker v. Seal, Civ. Action No. 06-1300, 2007 WL 1169364, at *2 n.9 (E.D. La. Apr. 19, 2007); Ratliff v. Jackson, No. CIVA3:05CV340WHB-AGN, 2005 WL 2035505, at *2 (S.D. Miss. Aug. 23, 2005).

officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations omitted).

In light of the foregoing, it is evident that plaintiff failed to comply with the law's requirement that he *exhaust* his administrative remedies prior to filing suit. Accordingly, **IT IS ORDERED** that defendant's unopposed motion for summary judgment is **GRANTED** and that plaintiff's claims are dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, based on his failure to exhaust his administrative remedies.[13]

New Orleans, Louisiana, this fourteenth day of January, 2008.

                                **SALLY SHUSHAN**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[13] In light of the fact that the Court agrees that this lawsuit must be dismissed based on plaintiff's failure to exhaust his administrative remedies, the Court need not address the alternative grounds for dismissal asserted by defendant in his motion.